SAUNDERS, Judge,
dissenting,
I respectfully dissent. I disagree with the majority that, under the circumstances of this case, the Worker’s Compensation Act provides the only remedy. Once the settlement was entered into, this claim was taken out the ambit of worker’s compensation and brought within the ambit of an insurance claim which has been reduced to settlement, i.e., a claim which may be litigated under LSA-R.S. 22:1220. Therefore, I would decide the merits of the case.
I note further that the lower court committed manifest error in maintaining that a payment tendered by the defendant on March 30, 1992, constituted payment or substantial compliance with the 30 day limitation provided by LSA-R.S. 22:1220. The check tendered on March 30, 1992, was a restricted tender in that it constituted payment “in consideration of the matter.” The plaintiff immediately returned the check to defendant’s counsel, Anthony Walker, advising that the check was not acceptable in complete settlement of the case as the plaintiff wanted to reserve his claim for damages under LSA-R.S. 22:1220. The actual payment of the claim was not made until May 12, 1992, when the check was returned with an agreement that the principle claim check could be negotiated and the plaintiff could reserve his damage claim.
Accordingly, the computation of time should be from March 26, 1992, to May 12, 1992, which was a delay of 49 days, thus establishing the entitlement of the plaintiff *890 to damages provided under LSA-R.S. 22:1220.
In drafting R.S. 22:1220, the authors specifically noted that the provision would not be applicable to claims made under health and accident insurance policies; to industrial and burial insurance companies as provided for in LSA-R.S. 22:251 and 22:253; to insurers that market under the home service marketing distribution method; and that it would not be applicable to the Louisiana Insurance Guaranty Association fund as provided for in R.S. 22:1375. There is nothing to indicate that the listing of insurers to whom the article would not apply was in any way illustrative and, accordingly, since the legislation applies to “an insurer” and specifically lists those to whom it does not apply, there is no reason to hold that it does not apply to a worker’s compensation carrier who violates its provisions, subsequent to having made a settlement in writing.
I believe that the defendant violated the provisions of LSA-R.S. 22:1220 and that the plaintiff is entitled to penalties as provided therein.
For the foregoing reasons, I respectfully dissent.